# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | |
|---|---|
| In the Matter of the Use of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A CELL-SITE SIMULATOR TO LOCATE THE<br>CELLULAR DEVICE ASSIGNED CALL NUMBER<br>505-524-6196 | )<br>)<br>)  Case No. 25-MR-378<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1201 | Kidnapping |
| 18 U.S.C. § 1203 | Hostage Taking |

The application is based on these facts:
Please see the attached affidavit of FBI Special Ageny Bryce Oleski, which is incorporated by reference and has been reviewed by AUSA Lou Mattei.

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Bryce Oleski*
Applicant's signature

Bryce Oleski, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephonically sworn and electronically signed__ *(specify reliable electronic means)*.

Date: March 1, 2025

*Laura Fashing*
Judge's signature

City and state: Albuquerque, New Mexico     Laura Fashing, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER 505-524-6196 | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Bryce Oleski, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number 505-524-6196, (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since 2017. I have investigated white collar crime, cyber crime, and violent crime specifically violations which involve an imminent threat to life. I have been assigned to the Albuquerque Division since 2022, where I have conducted investigations into kidnapping for ransom and imminent violent threats involving an interstate nexus. My duties include, but are not limited to, the investigation and enforcement of criminal violations related to kidnapping for ransom and imminent threats made via interstate communication.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because on March 1, 2025, agents collected approximate location data for the Target Cellular Device indicating the Target Cellular Device was in the South Valley area of Albuquerque, in the District of New Mexico. In addition, the Target Cellular Device has a "505" area code, which is a New Mexico area code.

5. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §1201, that being Kidnapping, and 18 U.S.C. § 1203, that being Hostage Taking, have been committed, are being committed, and will be committed by unknown persons. There is also probable cause to believe that the location of the Target Cellular Device will constitute evidence of those criminal violations, including leading to the identification of individuals who are engaged in the commission of these offenses and identifying locations where the target engages in criminal activity.

7. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. §§ 3127(3) & (4), the government is concurrently seeking a separate order that complies with the requirements of the Pen Register Act. See 18 U.S.C. §§ 3121-3127.

**PROBABLE CAUSE**

8. On March 1, 2025, a COMPLAINANT contacted the FBI and reported the kidnapping of VICTIM (the COMPLAINANT's spouse). COMPLAINANT received a phone call from the Target Cellular Device and was advised by UNIDENTIFIED SUBJECTS to pay a ransom of 90,000 quetzales (Guatemalan currency) to ensure the VICTIM's safety. The UNIDENTIFIED SUBJECTS told COMPLAINANT that the VICTIM would be turned over to the Zeta Cartel (also known as Los Zetas) if payment was not made by March 4, 2025. The COMPLAINANT reported that four UNIDENTIFIED SUBJECTS participated in this call. One had a Guatemalan accent, one a Mexican accent, and one spoke poor Spanish but better English.

9. The COMPLAINANT stated the VICTIM had entered into the United States in January of 2025. The VICTIM was living and working in Albuquerque, New Mexico, and the VICTIM had spoken with COMPLAINANT daily until approximately February 23, 2025. During these calls, the VICTIM used Guatemalan phone number 3399-3889.

10. On March 1, 2025, the COMPLAINANT received audio and video recordings from various phone numbers, to include the Target Cellular Device. Initially, a video was sent of the VICTIM stating his/her name, the date, and that the VICTIM was being held by his/her abductors in Albuquerque, New Mexico. Based on my training and experience, this video was consistent with a "proof of life" video that is commonly sent in hostage-taking events.

11. Later on March 1, 2025, the COMPLAINANT received an audio recording from the Target Cellular Device. The COMPLAINANT also received a video file from Guatemalan phone number 4620-8504. These communications instructed the COMPLAINANT to take a photo of the demanded ransom money and send it to the Guatemalan phone number. When that was complete, the COMPLAINANT would be sent a Guatemalan bank account number for deposit of

the money.  The UNIDENTIFIED SUBJECTS also specified a demand for the COMPLAINANT to have 20,000 quetzales by the end of March 1, 2025, or the VICTIM would be turned over to "the mafia."  The COMPLAINANT believed that if the VICTIM was turned over to "the mafia," they would be harmed due to non-payment of the ransom.

12. The FBI is in possession of copies of these files and has confirmed the substance of the content described above.

13. Pursuant to an exigent request to AT&T Global Legal Demand Center, the Target Cellular Device has been identified as a prepaid account subscribed to a David Gonzalez, 681 Emerald Avenue, El Cajon, CA 92020, with email address david121@gmail.com.

14. A location ping on March 1, 2025, at 21:13:09 GMT showed the approximate location of the Target Cellular Device to be near GPS coordinates 35.041800, -106.672214, or approximately 2015 La Vega Dr. SW, Albuquerque, NM 87105, with an uncertainty radius of 272 meters.

15. Open source and government database checks have not revealed any information linking the addresses within this area to a probable location at which law enforcement can conduct further investigation at this time.

## MANNER OF EXECUTION

16. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications.  When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication.  These signals include a cellular device's unique identifiers.

17. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

18. As noted above, on March 1, 2025, agents obtained approximate location data for the Target Cellular Device, narrowing its rough location to 2015 La Vega Dr. SW, Albuquerque, NM 87105, with an uncertainty radius of 272 meters. Agents will use the technique described herein only within that radius or its close vicinity, and only until the Target Cellular Device is successfully located.

19. The investigative device may interrupt cellular service of phones or other cellular devices within its range. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its range. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information,

5

and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

Respectfully submitted,

*Bryce Oleski*

**BRYCE OLESKI**
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Telephonically sworn and electronically signed on March 1, 2025.

*Laura Fashing*

**LAURA FASHING**
UNITED STATES MAGISTRATE JUDGE

6

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the Target Cellular Device, that is, the cellular device assigned phone number 505-524-6196, whose wireless provider is AT&T Corporation, and whose listed subscriber is David Gonzalez, at 681 Emerald Ave., Sajon, CA 92020.

**ATTACHMENT B**

Pursuant to an investigation of an unknown suspect(s) for violations of 18 U.S.C. §1201, that being Kidnapping, and 18 U.S.C. § 1203, that being Hostage Taking, this Warrant authorizes the officers to whom it is directed to determine the location of the Target Cellular Device identified in Attachment A by collecting and examining:

1. radio signals emitted by the Target Cellular Device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the Target Cellular Device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).